UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ROXANNE MILLER-SIMEONE,

                                                            DECISION AND ORDER

                      Plaintiff,

                                                            19-CV-6123L

          v.

THE GUNLOCK COMPANY, LLC,

                      Defendant.
_____

Plaintiff Roxanne Miller-Simeone, who appears *pro se*, brought this action against her former employer, Gunlocke Co., LLC, asserting claims under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12112 et seq. ("ADA"), and the New York Human Rights Law, N.Y. Exec. Law § 290, *et seq.*  Plaintiff alleged that her employment was terminated after she was out of work due to an injury to her left wrist and hand, that she had sustained while working at Gunlocke.

On June 4, 2019, District Judge Michael A. Telesca issued a Decision and Order in this case ("Screening Decision"), following the Court's initial screening of the complaints pursuant to 28 U.S.C. § 1915(e)(2).  In that decision, Judge Telesca dismissed plaintiff's HRL claim with prejudice, and dismissed the remainder of the complaint without prejudice, granting plaintiff "one opportunity to amend her complaint to state a plausible federal claim."  (Dkt. #4 at 7.)

Plaintiff filed an amended complaint (Dkt. #5) on July 1, 2019.  Defendant has moved to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

The motion is granted.  Plaintiff's amended complaint does not cure the defects that led to the dismissal of her original complaint.

Plaintiff claims that she was discriminated against in violation of the ADA.  To state such a claim, a plaintiff must allege that:  "(1) the defendant is covered by the ADA; (2) plaintiff suffers from or is regarded as suffering from a disability within the meaning of the ADA; (3) plaintiff was qualified to perform the essential functions of the job, with or without reasonable accommodation; and (4) plaintiff suffered an adverse employment action because of [her] disability or perceived disability."  *Caskey v. County of Ontario*, 560 Fed.Appx. 57, 58 (2d Cir. 2014) (citing *Capobianco v. City of New York*, 422 F.3d 47, 56 (2d Cir. 2005)).

In the Screening Decision, Judge Telesca ruled that plaintiff had failed to state a claim under the ADA because she had not alleged facts showing that her injury substantially limited any major life activity, as required to state a claim under the ADA.  *See* Dkt. #4 at 5 (citing 42 U.S.C. § 12102).

Plaintiff's amended complaint fares no better than her original complaint.  Plaintiff alleges that she is unable to perform her former duties of sewing heavy fabrics, vinyl and leather into seat covers, and occasionally lifting heavy rolls of material.  Although those might fall broadly within some of the statutorily listed categories of major life activities, particularly "performing manual tasks," 42 U.S.C. § 12102(2), the mere existence of *some* physical limitations is not enough.  Not every manual task equates to, or is necessary to carry out a major life activity. *See Philip v. Ford Motor Co.*, 328 F.3d 1020, 1025 (8th Cir. 2003) ("The type of evidence most relevant to establishing a substantial limitation in the major life activity of performing manual tasks, includes, for example, an individual's ability to do household chores,

bathe, brush one's teeth, prepare meals, do laundry, etc") (citing *Albertsons, Inc. v. Kirkingburg*, 527 U.S. 555, 567 (1999)).

"Indeed, 'courts have been careful to distinguish impairments which merely *affect* major life activities from those that *substantially limit* those activities.'" *Norman v. NYU Langone Health Sys.*, No. 19 Civ. 67, 2020 WL 5819504, at *6 (S.D.N.Y. Sept. 30, 2020) (quoting *Ryan v. Grae & Rybicki, P.C.*, 135 F.3d 867, 870 (2d Cir. 1998)) (alterations in original). *See also Whalley v. Reliance Grp. Holdings, Inc.*, 97-CV-4018, 2001 WL 55726, at *4 (S.D.N.Y. 2001) ("[i]t is well-established that an impairment does not significantly restrict a major life activity if it results only in mild limitations") (citing *Reeves v. Johnson Controls World Servs., Inc.*, 140 F.3d 144, 151 (2d Cir. 1998)). Plaintiff does not allege how the limitations she has identified–being unable to sew heavy fabrics and lift certain heavy objects–substantially limit a major life activity within the meaning of the ADA.

Plaintiff's claim fails for other reasons as well. First, she has not alleged that she could perform the essential functions of her job with reasonable accommodation for her alleged disability, and that Gunlocke refused to make such accommodation. In fact, in her response to defendant's motion (Dkt. #17), plaintiff states that as her condition worsened, "Gunlocke made changes to [her] daily job duties to accomodate [sic] the injury." (Dkt. #17 at 1.)[1] Thus, plaintiff cannot make out a failure-to-accommodate claim. *See Sheng v. M&T Bank Corp.*, 848 F.3d 78, 86 (2d Cir. 2017).

---

[1] Although the Court does not directly rely upon statements made in either party's briefs in deciding the motion to dismiss, this statement is consistent with the allegations of the amended complaint, and is cited only as illustrative of plaintiff's allegations.

In addition, plaintiff has not alleged facts plausibly showing that she was terminated because of her alleged disability. The complaint and the documents attached to it make clear that plaintiff was terminated not because of her physical limitations, but because of her unexcused absences. That occurred five months after Gunlocke made certain changes in plaintiff's work routine, to allow her to continue working. Furthermore, plaintiff herself states that she believes she was let go because Gunlocke's workload had dropped considerably after Gunlocke lost a particular contract. (Dkt. #5 at 7-8.)[2]

To the extent that the amended complaint can be read as asserting a retaliation claim under the ADA, such claim is dismissed as well. Plaintiff does not allege that she engaged in ADA-protected activity, and as explained above, the complaint on its face does not give rise to a plausible inference of animus on defendant's part.

Although defendant's brief addresses claims under New York law, I do not read the amended complaint as asserting such claims. Plaintiff's prior state law claims were dismissed in the Screening Decision, and remain dismissed.

---

[2] I note that in her response to defendant's motion, plaintiff also states that in response to Gunlocke's request, plaintiff asked her physician to provide her a note excusing her from work, but the doctor "would not give [her] a written note for absence and return to/from work, claiming she 'did not pull [plaintiff] out of work ... .'" (Dkt. #17 at 2.)

## CONCLUSION

Defendant's motion to dismiss the amended complaint (Dkt. #15) is granted, and the complaint is dismissed, with prejudice.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
October 13, 2020.